UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MATTHEW ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00072-TWP-DML |
| ) | |
| CLARKSVILLE POLICE DEPARTMENT, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS, SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Matthew Elliott has paid the filing fee and is represented by counsel. Although the events alleged in the complaint took place while Mr. Elliott was incarcerated at the Clark County Jail, it is unclear whether Mr. Elliott remains incarcerated at this time. This is relevant because if he is a "prisoner" as defined by 28 U.S.C. §1915A(c), the Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint. In any event, the Court has the inherent authority to screen the complaint on its own. *See Mallard v. U.S. Dist. Ct*., 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). This step shall be taken in this case.

### I.    SCREENING STANDARD

Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from

such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For the complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.   THE COMPLAINT

Mr. Elliott names nine defendants: (1) Clarksville Police Department; (2) Chief Mark Palmer of the Clarksville Police Department; (3) Officer Derek Crawford of the Clarksville Police Department; (4) Town of Clarksville; (5) Clark County Sheriff's Department; (6) Sheriff Jamey Noel; (7) Scott Maples, Chief Deputy of the Clark County Jail; (8) Eric Amy, Clark County Jail Officer; and (9) William Rice, Clark County Jail Officer.

In his complaint, Mr. Elliott alleges the following. On May 14, 2019, Mr. Elliott was approached by security in the Clarksville Walmart and escorted to the security office where it was alleged he had stolen items from the store. Officer Crawford responded to the call from Walmart security, arrested and handcuffed Mr. Elliott, and transported him to the Clark County Jail. Upon arriving at the Clark County Jail, Officer Crawford removed a baggie of what appeared to be methamphetamine from Mr. Elliott's sock. Officer Crawford placed the baggie on top of his vehicle and then slammed Mr. Elliott to the ground to prevent him from lunging toward the baggie. As a result, Mr. Elliott suffered a broken left clavicle. Mr. Elliott informed Clark County Jail personnel during his booking that he believed his shoulder was broken and that he was unable to raise his arm.

After booking, Officers Amy and Rice told him to strip, shower, and change into his jumpsuit. When Mr. Elliott told Officers Amy and Rice that he was unable to lift his arm to take off his shirt, they became angry and physically assaulted him. Mr. Elliott was taken to Clark Memorial Hospital for x-rays which revealed that he had a fracture at the clavicle and fractured ribs. He alleges claims pursuant to 42 U.S.C. § 1983 and Indiana state law. He seeks compensatory damages, punitive damages, and his attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### III.   DISCUSSION

Applying the screening standard above to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

#### A.  Claims That Are Dismissed

First, Mr. Elliott has moved the Court to dismiss with prejudice any claims against the Clarksville Police Department. In its answer to Mr. Elliott's complaint, the Clarksville Police Department consented to the dismissal of any claims alleged against it. *See* dkt. 10 at 1, fn. 1. Accordingly, Mr. Elliott's motion, dkt. [9], is **GRANTED** to the extent that any claims against the Clarksville Police Department are **DISMISSED with prejudice**.

Any official-capacity claims against Chief Palmer and Officer Crawford are likewise **DISMISSED**, as these claims are the same as claims against the Clarksville Police Department. *See McMillian v. Monroe County, Alabama*, 520 U.S. 781, 785 n.2 (1997) (finding that an official-capacity suit is the same as a suit against the entity of which the officer is an agent).

Next, Mr. Elliott's individual-capacity claims against Sheriff Noel and Chief Deputy Maple are **DISMISSED** for failure to state a claim upon which relief can be granted. Although Mr. Elliott alleges that these two supervisory officials provided "deliberately indifferent supervision and discipline" to Officers Amy and Rice, dkt. 1 at 13, ¶¶ 65, 67, his allegations are based, in essence,

on a theory of respondeat superior. But, "[t]he doctrine of respondeat superior is not applicable to § 1983 actions; to be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right." *Childress v. Walker*, 787 F.3d 433, 437–38 (7th Cir. 2015). *See also Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002) ("[U]nder § 1983, a plaintiff may not rely on the doctrine of respondeat superior to hold supervisory officials liable for the misconduct of their subordinates."). Because Mr. Elliott's complaint does not include any specific allegations that Sheriff Noel or Chief Deputy Maple were personally involved in the excessive force alleged used against him by Officers Amy and Rice, he has failed to state individual-capacity claims against Sheriff Noel or Chief Deputy Maple.

Finally, any official-capacity claims against Sheriff Noel, Maple, and Officers Amy and Rice are dismissed as redundant to the *Monell* policy and failure-to-supervise claims alleged against the Clark County Sheriff's Department. *Budd v. Motley*, 711 F.3d 840, 844 (7th Cir. 2013) ("Because a suit against a government office and the officeholder are identical, the two defendants—the Sheriff and his office—are redundant on this claim.").

### B. Claims That Shall Proceed

Based on the screening standard set forth above, Mr. Elliott's complaint shall proceed with the following claims:

- Excessive force claims against Officers Crawford, Rice, and Amy in their individual capacities[1]

- *Monell* policy and failure-to-supervise claims against the Clark County Sheriff's Department and the Town of Clarksville

- Indiana state-law claims of negligence, battery, and intentional infliction of emotional distress against Officers Crawford, Amy, and Rice.

---

[1] It is unclear if Mr. Elliott was a convicted inmate or a pretrial detainee at the time of his allegations. If he was a convicted inmate, his claims proceed under the Eighth Amendment. If he was a pretrial detainee, his claims are brought under the Fourteenth Amendment.

## IV.   CONCLUSION

Mr. Elliott's complaint **shall proceed** as explained in Part III-B. All other claims are **DISMISSED**. Mr. Elliott's motion to dismiss, dkt. [9], is **GRANTED** to the extent that any claims against the Clarksville Police Department are **DISMISSED with prejudice**.

The **clerk is directed** to terminate the Clarksville Police Department, Mark Palmer, Jamey Noel, and Scott Maple as parties to this matter.

This matter shall proceed according to the parties' jointly tendered case management plan, as amended by the Magistrate Judge. *See* dkts. 14, 17 and 18.

**IT IS SO ORDERED.**

Date:   8/13/2021

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

J. Clayton Culotta
CULOTTA & CULOTTA LLP
clay@culottalaw.com

Curtis Matthew Graham
FREEMAN MATHIS & GARY, LLP
cgraham@fmglaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com