UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

MATTHEW ELLIOTT,                       )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )     No. 4:21-cv-00072-TWP-DML
                                       )
DEREK CRAWFORD,                        )
TOWN OF CLARKSVILLE,                   )
CLARK COUNTY SHERIFF'S                 )
DEPARTMENT,                            )
ERIC AMY,                              )
WILLIAM RICE,                          )
                                       )
                    Defendants.        )

## Report and Recommendation on Defendants' Motion for Sanctions

### Introduction

Plaintiff Matthew Elliott did not appear at the settlement conference

convened on May 11, 2022, as he was ordered to do.  The court issued a show cause

order, requiring Mr. Elliott to show cause why he should not be sanctioned for his

failure to appear.  To explain his absence, Mr. Elliott fabricated a story about

having been unexpectedly stuck in an elevator without his cell phone, and he

created a fake document to corroborate that story. His lawyer, unaware of Mr.

Elliott's lies, repeated that story to the court as Mr. Elliott's show cause response

and submitted as an exhibit Mr. Elliott's fake document.  The defendants

investigated Mr. Elliott's story, determined it was false and the document a fake,

and they filed a motion for sanctions.  Mr. Elliott was granted permission to file a

new response to the court's show cause order.  He has given reasons why he lied and asks the court not to dismiss his case as a sanction.

As addressed below, the undersigned Magistrate Judge reports and recommends to the District Judge that the defendants' motion for sanctions be granted and Mr. Elliott's case dismissed with prejudice as the appropriate sanction for his egregious misconduct.  The Magistrate Judge also recommends that the District Judge award certain attorneys' fees to the defendants.

## Background

The court first describes Mr. Elliott's claims and the efforts by the parties and the court to prepare for and attend the May 11, 2022 settlement conference.

Mr. Elliott filed this lawsuit in May 2021, and it was screened in August 2021.  This case arises out of Mr. Elliott's arrest for shoplifting at a Walmart store on May 14, 2019.[1]  He alleges that Clarksville Police Department Officer Derek Crawford arrived at the Walmart store after Walmart's security personnel reported the shoplifting.  Officer Crawford arrested and handcuffed Mr. Elliott and drove him to the Clark County Jail.  On arriving at the Jail sallyport and removing Mr. Elliott from the car, Officer Crawford found a baggie in Mr. Elliott's sock, which he suspected contained methamphetamine.  Officer Crawford put the baggie on top of his car and then slammed Mr. Elliott to the ground to keep him from accessing the baggie.  That force caused a broken left clavicle.  At booking, Mr. Elliott reported to

---

[1]    The court's description of the claims does not constitute findings of fact but recites Mr. Elliott's allegations to provide some context to the defendants' sanctions request.

Clark County Jail personnel that he could not raise his arm and thought his shoulder was broken.  Despite this report, Jail Correctional Officers William Rice and Eric Amy became angry and physically assaulted Mr. Elliott when he said he could not follow their instructions to shower and change into a jail jumpsuit because he could not lift his arm to take off his shirt.  After being seen by a Jail nurse the next day, Mr. Elliott was taken to Clark Memorial Hospital because of his injuries; x-rays showed that his clavicle and ribs were fractured.

The court's screening order (Dkt. 19) allowed Mr. Elliott to pursue the following claims based on the above alleged facts:

- Section 1983 claims against Officers Crawford, Amy, and Rice for excessive force in violation of the Fourteenth Amendment, and state law claims against them for negligence, battery, and intentional infliction of emotional distress

- *Monell* claims, based on alleged persistent failures to properly train and supervise officers, against the Clark County Sheriff's Department (which employed Officers Amy and Rice) and the Town of Clarksville (which employed Officer Crawford)

The court held an initial pretrial conference on August 3, 2021, and follow-up status conferences on November 12, 2021, and February 16, 2022.  The plaintiff was diligently prosecuting his claims, and the parties were generally cooperative with each other in discovery and completing other case management tasks.  At the latter conference, the court addressed setting the matter for a settlement conference with

the undersigned.  Eventually the conference was set for May 11, 2022, to accommodate the schedules of the court, the parties, and the parties' many representatives, including lawyers, Clark County officials, and insurance company representatives.

On that date, everyone except Mr. Elliott assembled by telephone to have a serious settlement conference beginning at 1:30 p.m..  The Clark County Commissioners, Clark County Sheriff, defendant William Rice, lawyers for all parties (including Clark County, the Town of Clarksville, and the other individual officer defendants),[2] and insurance company representatives were present.

Mr. Elliott's lawyer repeatedly attempted to contact him, to no avail. The parties waited for nearly an hour for Mr. Elliott to appear.  His lawyer stated that he was very surprised by Mr. Elliott's absence because they had communicated about the conference and strategy about seven different times in the preceding 48 hours, and had talked to each other within the hour before the conference was set to begin at 1:30 p.m.

### Mr. Elliott's Response to Show Cause Order

Mr. Elliott's absence—even apart from all that occurred after it—was seriously wrongful.  He violated the court's order to attend, and his absence wasted the time of many people and the court, who had also spent significant effort to prepare for the conference in the manner required by the court's settlement

---

[2]     The court excused defendants Amy and Crawford and Mark Palmer, a representative of the Clark County Police Department, from attending the conference.  *See* Dkts. 42, 44.

conference scheduling order.  The court's May 13, 2022 show cause order required

Mr. Elliott to show cause why he should not be sanctioned for his failure to appear.

Dkt. 48.  It also warned him that a failure to adequately show cause "will result in

sanctions that could include, among other things, a monetary sanction and/or the

magistrate judge's recommendation that this case be dismissed."

Mr. Elliott filed his show cause response on May 20.  It reports that Mr.

Elliott called his lawyer at 6:30 p.m. the day of the conference and was distraught

about having missed the 1:30 conference. He told his lawyer "that he had been

trapped in the elevator of his apartment building for two or more hours beginning

around 1:00 p.m," and was without his phone because he had "simply gone upstairs

to confirm his ride to his counsel's office, did not bring his phone with him and had

no way of communicating with counsel to advise of his situation."  Dkt. 51 at pp. 1-

2.  Mr. Elliott stated that he is desirous of pursuing his claims and trying to reach

an amicable resolution with the defendants and reiterated the hopeless situation he

found himself in at the time of the conference—stuck in an elevator for hours,

without his phone, and no means to communicate with his lawyer or anyone else

about why he was not on the settlement conference call.  *Id.* at p. 2.

Mr. Elliott even gave his lawyer a letter purportedly from the management

company for the apartment building corroborating Mr. Elliott's story that he had

been stuck in the elevator.   The letter, which was filed as an exhibit to Mr. Elliott's

show cause response, is typed on the purported letterhead of the apartment

building in which Mr. Elliott lived.  It is purportedly signed by Cassandra Arnold,

Area Manager, Brookside Properties, Inc., and it reads as follows:

> TO WHOM IT MAY CONCERN:
>
> On May 11, 2022 I witnessed one of our elevators malfunction and upon freeing the doors Matthew Elliott was one of the occupants that had been stuck in the elevator. This occurred around 1:00 p.m. and Mr. Elliott was trapped inside for approximately two hours or more. Mr. Elliott was very upset due to fact he missed very important appointment.  I am sorry to those whom this has affected.

Dkt. 51-1.

This story seemed fantastical to the defendants.  They investigated and then

reported to Mr. Elliott's lawyer that the story was false and the letter was a fake.

*See* Motion for Sanctions, Dkt. 53, ¶¶15-19.  Mr. Elliott's lawyer then confronted

him about the results of the defendants' investigation.  *See* Plaintiff's substituted

response to show cause order, Dkt. 52-3, at pp. 1-2.  Mr. Elliott admitted he had

lied.  *Id.*  At his request, the court allowed Mr. Elliott to supplement (but not

replace) his response to the court's show cause order.  The response includes a

handwritten letter from Mr. Elliott to his lawyer and the court to explain why he

lied:

> First off I want to sincerely apologize to you & the Court for not being truthful & completely honest about why I missed Court on May 11th. So what was a very simple but irresponsible lie I told about being stuck in a Elevator sorry to say is not true. That day I took a shower & got out & sat in front of my AC/fan to cool down & I fell asleep.  That day I had been awake for some two days because my wife left me & I was depressed.  I am so sorry & no excuse for my lie I was just completely mortified when I woke to my missed calls.  I finally awoke at 6:30 p.m. on the 11th.  Please forgive me.  Please don't be angry with Clay [Mr. Elliott's lawyer]; he has been nothing but good to me & I am so sorry & ashamed.

Dkt. 52-2.  Mr. Elliott's response also includes a request that the court set a hearing

to allow him to address the court directly "on these events."  Dkt. 52-3 at p. 2, ¶9.

<u>Analysis</u>

The court declines to hold a hearing; Mr. Elliott was given ample opportunity

to explain himself.

Though he may be genuinely remorseful about deceiving the court, his

lawyer, and the other parties and their counsel and representatives, the court

cannot recommend a sanction any less harsh than dismissal of his claims with

prejudice.  Nothing else sufficiently punishes Mr. Elliott's egregious misconduct and

deters others from any belief that they can commit such frauds on the court and

opposing litigants.

**A. Two sources provide the court with the power to sanction Mr. Elliott.**

As provided by Fed. R. Civ. P. 16(f)(1), when a party fails to appear for a

scheduled conference, the court "may issue any just orders, including those

authorized by Rule 37(b)(2)(A)(ii)-(vii)."  The sanctions allowed under these

subsections include "dismissing the action . . . in whole or in part."  Rule

37(b)(2)(A)(v).  A choice of punishment under Rule 37 should "fit the crime," *see*

*Maynard v. Nyren,* 372 F.3d 890, 893 (7th Cir. 2004), and it is appropriate to impose

the ultimate sanction of dismissal when the court determines by a preponderance of

the evidence that the misconduct is egregious enough to support that level of

sanction.  *Ramirez v. T&H Lemont, Inc.,* 845 F.3d 772, 775-76 (7th Cir. 2016).

The court's inherent power also allows it to sanction a party for egregious behavior and is an appropriate source for acting when the rules of civil procedure or other legal doctrines do not sufficiently cover the breadth of a party's misconduct. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50-51 (1991).  The court can use its inherent power to "sanction those who show 'willful disobedience of a court order,' act in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' for fraud on the court, delay, disruption, or 'hampering enforcement of a court's order.'" *Fuery v. City of Chicago,* 900 F.3d 450, 463 (7th Cir. 2018) (quoting *Chambers,* 501 U.S. at 45-46)).  Like a Rule 37 sanction, one imposed based on the court's inherent power "should be proportioned to the gravity of the offense." *Allen v. Chicago Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003).

Sanctions under Rule 37 and the court's inherent power serve two purposes: to penalize parties who do not follow the rules or engage in serious misconduct and to deter others tempted by a perception that abusive conduct has no consequence. *Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 758-59 (7th Cir. 2005); *Philips Medical Sys. Int'l, B.V. v. Bruetman,* 982 F.2d 211, 214 (7th Cir. 1992).

**B. Dismissal is the only appropriate sanction.**

Mr. Elliott's behavior was particularly reprehensible.  He created an elaborate lie.  It was not just, as Mr. Elliott's letter to the court stated, "a very simple but irresponsible lie I told about being stuck in a Elevator."  His story included multiple layers of lies:   (a) being stuck in an elevator (false); (b) being stuck in the elevator beginning about 1:00 p.m. when it malfunctioned (false); being

8

stuck in an elevator for approximately two hours (false); (c) being stuck in the elevator without his phone (false); (d) not having his phone because he had intended just to go upstairs and check on his ride (false); and (e) appearing visibly distraught once the elevator malfunction was fixed and he was freed from being trapped for two hours (false). Mr. Elliott's ruse also involved the creation of a fake document from the apartment manager to corroborate his story. That is a fraud on the court—and the defendants. Mr. Elliott's supplemental response to the court's show cause order, tendered after his lie was uncovered, provides no explanation at all about the creation of this fake document. And he does not attempt to counter the defendants' evidence about his fabrication of this document. As noted above, the defendants investigated Mr. Elliott's story. The apartment manager who purportedly signed the document told a Clark County Sheriff's Officer that she did not write the letter or sign it; she confirmed those statements in an email. *See* Dkt. 53, ¶ 16. The Officer also learned from a different manager at the apartment complex that Mr. Elliott had asked him to prepare a letter that lied about Mr. Elliott having been stuck in an elevator; that manager refused. *Id.,* ¶ 17. The managers have signed affidavits about their contacts (or lack thereof) with Mr. Elliott and his story about being stuck in an elevator. *See* Cassandra Arnold affidavit, Dkt. 53-1; Isaac Wingfield affidavit, Dkt. 53-2.

Litigants don't need warnings that severe consequences follow from lying to the court. *Fuery v. City of Chicago,* 900 F.3d 450, 466 (7th Cir. 2018) ("[I]t goes without saying and hardly needs citation that a court need not warn a plaintiff . . .

that [he] may not lie to a court.")  And litigants assuredly know that falsifying evidence is of the most serious level of misconduct.  *See Secrease v. Western & Southern Life Ins. Co.,* 800 F.3d 397, 402 (7th Cir. 2015) ("[F]alsifying evidence to secure a court victory undermines the most basic foundations of our judicial system.")

Mr. Elliott's elaborate lie and his falsification of a document to obtain relief from the court deserves the harshest of sanctions.  The Magistrate Judge reports and recommends that the District Judge dismiss Mr. Elliott's complaint with prejudice. The undersigned also recommends that the District Judge order Mr. Elliott to pay defendants' reasonable attorneys' fees in investigating the truthfulness of Mr. Elliott's original response to the show cause order and preparing their motion for sanctions.  If the District Judge accepts that recommendation, the defendants must file their petition for fees within 21 days of the court's dismissal with prejudice. The Magistrate Judge does not recommend awarding the defendants their fees in connection with preparing for and attending the settlement conference. The dismissal of Mr. Elliott's claims with prejudice appropriately "reimburses" the defendants for preparing for settlement.

## Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge GRANT the defendants' motion for sanctions (Dkt. 53) as follows:  (1) enter a sanction against plaintiff Matthew Elliott dismissing his complaint with prejudice and (2) order Mr. Elliott to pay defendants their reasonable attorneys' fees

10

in investigating the truthfulness of Mr. Elliott's original response to the show cause order and preparing their motion for sanctions.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadline.

So ORDERED.

Dated: October 7, 2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system

11