UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MATTHEW ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00072-TWP-DML |
| | ) |
| DEREK CRAWFORD, | ) |
| TOWN OF CLARKSVILLE, | ) |
| CLARK COUNTY SHERIFF'S DEPARTMENT, | ) |
| ERIC AMY, | ) |
| WILLIAM RICE, | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING THE DEFENDANTS' JOINT MOTION FOR SANCTIONS, AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on the Defendants' joint motion for sanctions (Dkt. 53) and The magistrate Judges Report and Recommendation (Dkt. 61) and Plaintiff Matthew Elliott's ("Mr. Elliott") Objection thereto (Dkt. 62). Defendants moved the Court to enter sanctions against Mr. Elliott for telling an elaborate lie about his failure to appear for a settlement conference and submitting fake documents to the Court. (Dkt. 53). The Magistrate Judge recommends that this action be dismissed with prejudice and that Mr. Elliott be required to pay the defendants' reasonable attorneys' fees in investigating the truthfulness of Mr. Elliott's filings and preparing their motion for sanctions. (Dkt. 61 at 10-11). For the reasons explained below, the Court **ADOPTS** the Report and Recommendation, dkt. [61], and **DISMISSES** this action with prejudice. The defendants' joint motion for sanctions, dkt. [53], is **GRANTED** to the extent consistent with this Order.

## I. LEGAL STANDARD

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

## II. DISCUSSION

Mr. Elliott, represented by counsel, initiated this action in May 2021 alleging violation of his civil rights. (Dkt. 1). The court's screening order allowed Mr. Elliott to pursue clams under 42 U.S.C § 1983 against Defendants Officers Derek Crawford, Eric Amy, and William Rice for excessive force in violation of the Fourteenth Amendment, and state law claims against them for negligence, battery, and intentional infliction of emotional distress; as well as Monell claims, based on alleged persistent failures to properly train and supervise officers, against the Clark County Sheriff's Department (which employed Officers Amy and Rice) and the Town of Clarksville (which employed Officer Crawford). (Dkt. 19). The case proceeded and a settlement conference was set for May 11, 2022, to accommodate the schedules of the Magistrate Judge, the parties, and

the parties' many representatives, including lawyers, Clark County officials, and insurance company representatives. On that date, everyone except Mr. Elliott assembled by telephone to have a serious settlement conference. The Court issued a show cause order which required Mr. Elliott to show cause why he should not be sanctioned for his failure to appear. (Dkt. 48). Mr. Elliott filed a response (Dkt. 51, Dkt. 51-1) which he later admitted was an elaborate lie about his failure to appear and that he submitted fake documents to the Court. (Dkt. 52 at 3).

The undersigned referred the Defendants Joint Motion for Sanctions (Dkt. 53) to the Magistrate Judge for a Report and Recommendation and the Magistrate Judge recommended that the District Judge dismiss Mr. Elliott's complaint with prejudice, and order him to pay Defendants' reasonable attorneys' fees in investigating the truthfulness of Mr. Elliott's original response to the show cause order and preparing their motion for sanctions. (Dkt. 61 at 10.)

Mr. Elliott filed a timely objection to the Report and Recommendation, stating that he "knows what he did requires a penalty," but that "there are lesser sanctions which will achieve the necessary penalty short of dismissal." (Dkt. 62 at 1-2). In their responses opposing Mr. Elliott's objection, the Defendants assert persuasively that Mr. Elliott has not identified any portion of the Report and Recommendation as erroneous, as is required of him, but merely rehashes the same argument for a sanction less than dismissal that was considered and rejected by the Magistrate Judge. (Dkt. 63, Dkt. 64).

The Court agrees with the Defendants' assessment of Mr. Elliott's objection. The Magistrate Judge's Report and Recommendation, including its consideration and rejection of lesser sanctions, is well supported by the undisputed facts and case law. *See* Dkt. 61, ("[T]he Court cannot recommend a sanction any less harsh than dismissal of his claims with prejudice. Nothing else sufficiently punishes Mr. Elliott's egregious misconduct and deters others from any belief that they

can commit such frauds on the court and opposing litigants."). Based on its *de novo* review of the record, the Court agrees with the Magistrate Judge's conclusion. Accordingly, Mr. Elliott's objection is **OVERRULED**.

## II.  CONCLUSION

The defendants' joint motion for sanctions, dkt. [53], is **GRANTED** to the extent consistent with this Order. Pursuant to 28 U.S.C. § 636(b)(1), Mr. Elliott's objection at Docket No. 62 is **OVERRULED**. The Court agrees with the Magistrate Judge's findings of fact and legal conclusions. Having reviewed the portions of the Report and Recommendation to which objections were made, the Court finds no error. Because the Magistrate Judge's Report and Recommendation is built upon a correct factual and legal basis, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Dkt. [61]. Mr. Elliott is **ORDERED** to pay the defendants' reasonable attorneys' fees in investigating the truthfulness of his original response to the show cause order and preparing their motion for sanctions. Defendants must file their petition for fees within 21 days of the Court's dismissal with prejudice.

This action is **DISMISSED WITH PREJUDICE** and final judgment will issue separately.

**IT IS SO ORDERED.**

Date: 10/26/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email